IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No. 2:23-mj-510<br><br>**Filed Under Seal** |

## APPLICATION OF THE UNITED STATES
## FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require T-Mobile and Sprint Communications, a cellular service provider headquartered in Parsippany, New Jersey, to disclose certain records and other information pertaining to the following:

- IP address 2607:fb91:1620:eaf0:c0d4:309e:1b7d:f7d0 with Timestamp 2023-09-05 18:49:17 UTC and Port 50420

as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1. T-Mobile and Sprint Communications is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require T-Mobile and Sprint Communications to disclose the items described

in Part II of Attachment A.  *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  *See* 18 U.S.C. § 2703(d).  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated.  *See* 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

THE RELEVANT FACTS

4. The United States, including the United States Marshals Service, is conducting a fugitive investigation in support of a criminal investigation. The investigation concerns possible violations of, inter alia, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), 841(b)(1)(C), 841(b)(1)(D); and 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

5. On or about May 23, 2023, a federal grand jury indicted Jeremiah D. Pleasant (PLEASANT) in *United States of America v. Jeremiah D. Pleasant*, Case No. 2-23-CR-120, for Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(ii), 841(b)(1)(B)(vi), 841(b)(1)(C), and 841(b)(1)(D), Possession with Intent to Distribute 40 Grams or More of

Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi), Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), Possession with Intent to Distribute Less than 50 Kilograms of Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). PLEASANT remains at large.

6. On July 19, 2023, the United States Marshals Service served Meta Platforms, Inc. with a Pen Register/Trap and Trace Order for PLEASANT's Facebook account.

7. On September 5, 2023, the United States Marshals Service received IP address 2607:fb91:1620:eaf0:c0d4:309e:1b7d:f7d0 pursuant to the July 19, 2023 Pen Register/Trap and Trace Order.

8. It is believed that information described in Part II of Attachment A will assist the United States Marshals Service in locating and safely apprehending PLEASANT.

<u>REQUEST FOR ORDER</u>

9. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing fugitive investigation in support of a criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their

activities. Accordingly, the United States requests that T-Mobile and Sprint Communications be directed to produce all items described in Part II of Attachment A to the proposed Order.

10. The United States further requests that the Order require T-Mobile and Sprint Communications not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing fugitive investigation in support of a criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution and change patterns of behavior.

11. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing fugitive investigation in support of a criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that

investigation.

        Respectfully submitted,

        KENNETH L. PARKER
        UNITED STATES ATTORNEY

        */s/ signature*

        _____
        NICOLE PAKIZ (0096242)
        Assistant United States Attorney
        303 Marconi Boulevard, Suite 200
        Columbus, OH 43215
        Phone No.: (614) 469-5715
        Fax No.: (614) 469-2769
        Email: Nicole.Pakiz@usdoj.gov